166372 Angela Blount v. United of Omaha Life Insurance Co Arguments not to exceed 15 minutes per side Mr. Wilson, you may proceed for the appellant Thank you and I would request to reserve 3 minutes for rebuttal Thank you May it please the court, Scott Wilson representing the plaintiff appellant Angela Blount This case, challenging United of Omaha's termination of long-term disability benefits is unusual in that, unlike most cases, the parties are not disputing which medical expert's opinion should carry the greatest weight Instead, this case turns on a pure question of contract interpretation In light of policy language limiting benefits to 24 months for disabilities resulting from substance abuse can that limitation be applied to the disabling impact of a prescription pain medication taken in good faith exactly as prescribed? There is a substantial divide in the medical opinions of record Ms. Blount has been followed by two rheumatologists for a number of years, each of whom agrees that she suffers from lupus They agree that she suffers severe chronic pain as a result, necessitating an opioid pain medication regime and they've consistently assessed disabling restrictions and limitations over a large number of years This is Judge Rogers, Mr. Wilson Hasn't there been some dispute as to whether her pain is originally caused by those reasons? Yes, your honor It's a little broad to say they all agree it's lupus, isn't it? I am not saying that all the doctors of record agree that it's lupus I am saying that her doctors believe it's lupus while IMEs obtained by United of Omaha dispute that it's lupus One doctor thought that it represented some orthopedic problems The most recent doctor that United of Omaha bases its final decision on agreed that she was unemployable but he attributed her symptoms actually to being the side effect of the opioid regimen He diagnosed chronic opioid toxicity as being the cause of the symptoms and then relying on that opinion, United of Omaha paid an additional two years of benefits and then terminated benefits on the basis of the policy's substance abuse limitation I would concede that if we were just looking at a question of whether or not the insurer should pay attention to the opinion of the treating rheumatologist versus the opinion of the most recent IME that is a choice that is within the discretion of the plan administrator However, what is our position is that even assuming that they were reasonable in preferring the opinion of that IME that it is an unreasonable contract interpretation to state that the impact of medications taken in good faith exactly as prescribed constitutes substance abuse Well, Mr. Wolfson, this is Judge Donald I understand that the cause of the condition may very well be that she took the medication as prescribed by the doctor and subsequently became addicted But regardless of the cause of the addiction all of the doctors have referred to her extensive narcotic regimen and doesn't that all come back to prescription or opioid substance abuse regardless of the causal reason for that? My answer to that, Your Honor, would come back to the fact that again, it is taken as prescribed I would start out with the idea of a dictionary definition of substance abuse being the detrimental state produced by repeated consumption of narcotics or other drugs other than as prescribed by a doctor to treat an illness or other medical condition So first of all, the fact that it's being taken as prescribed is contrary to what the ordinary person would understand substance abuse to be Counsel, this is Judge Rogers, if I could ask a question Doesn't the plan itself define substance abuse to say regardless of cause? Uh, and Does it or does it not? It's a somewhat complicated, in my mind, definition It does, it states Does it use words, regardless of cause? It does, I believe, have the regardless of cause, Your Honor Our review, then, of those words and what their meaning is we have to give deference to the plan? To the plan administrator? You do have to give deference to the plan administrator but at the same time, the language has to be construed as it would be understood by an ordinary person And again, I would submit that the ordinary person understands that there could be a difference between taking opioid medications the way they're prescribed to you by your doctor versus taking opioid medications the way you would get them off the street for recreational purposes But Mr. Wilson, you're again talking about the cause of the condition But the policy language says regardless of cause And the ordinary lay definition of that phrase, regardless of cause, would mean exactly what it says, regardless of cause, whether it's according to prescription or illegal things off the street And what you want us to do, I believe, is disregard the plain meaning of those three words, regardless of cause I'm not asking you to disregard those three words I'm asking you to recall that this My position is that United of Omaha is essentially reading the word abuse out of the policy That if you were to regard the side effects of medications for any cause you take the word abuse out by focusing on those regardless of cause words And I guess the Sixth Circuit has Good morning, counsel. This is Judge Rogers again. I'm sorry to interrupt so much But my reaction to that is, why couldn't, in the ordinary use of words, say that someone was abusing drugs that were prescribed to him by a doctor? That doesn't fall apart. I mean, people could use that locution, couldn't they? I agree that medications prescribed by a doctor can be abused So certainly somebody could be prescribed narcotics You could, for instance, be going to a pill mill or something and getting all kinds of medication that wasn't improperly prescribed by a doctor I would concede that you could abuse narcotics in that manner But there's no evidence on this record that Ms. Dunn I don't know, but now we're talking about the meaning of the words So the words could be used for someone who was prescribed by a doctor Contrary to black dictionary Is that right? I think that what I'm getting at from my perspective is that the word abuse implies misuse That abuse implies using the medications incorrectly, inappropriately And there's no indication that Ms. Blunt is misusing the medications There's no indication that she's using the medications in a manner other than which her doctors suggest she should You're saying it's possible to abuse it even though the doctor tells you to abuse it I'm drawing a distinction between somebody who is in good faith undergoing the treatment prescribed by a doctor Versus someone who's going to the pill mill pretending to have a medical condition to just get the pills The circuit has consistently said that a plan administrator has to take the side effects of medications into account In determining whether or not somebody is disabled Is there something in the record that suggests that she's taking levels of opioids 16 times Is this what the normal prescription would be? I agree with you, your honor, that one of United of Omaha's physicians has stated that he thought that the amount of narcotics was too high But there's no indication that my client is doing that deliberately, doing that in a manner trying to get high There's no indication, this is not the equivalent of someone who is disabled on the basis of alcoholism or addiction This is somebody who is in good faith following the advice of her own doctors And that is not something that I think that the ordinary person would expect to fall under the rubric of abuse Thank you And again, as I said, it is pretty common that we state that insurers have to take the side effects of medications into account in deciding disability The limitations on substance abuse disabilities are also fairly ubiquitous If this was a normal interpretation of policies, we would have expected to see cases like this one coming up Instead, I was only able to find one other case addressing a similar situation This circuit has never addressed the question at all And I would submit that that is an indication that United of Omaha has taken an unusual position that is not what the ordinary person would expect But my timer says that my 12 minutes is up, so thank you Your honors, good morning, this is Cameron Hill from Chattanooga with Baker Donaldson I appreciate your time, Judges Gibbons, Rogers, and Donald I apologize for the awkward nature of the telephonic conversation It's at times hard to hear over each other So to the extent that I'm speaking over you, I apologize in advance And we'll try to rectify that as quickly as possible I don't think the plaintiff appellant wants to go to discuss policy issues I think what is known to the court from casual observation of media the past several years Reflects a remarkable problem we have with opioid medications in the United States And I don't think the claimant really wants to address that issue And I don't think the court needs to go there either, because this is a fairly straightforward analysis Judge Trauger's decision is very well reasoned, articulate, and hits the high points very well and very persuasively I will note that as to the language of the plan document, there is one additional word that I would add To the court's analysis of the regardless of cause question And that is the word any The word any precedes the words condition or disease There is no dispute whatsoever in the record that Ms. Blunt takes a remarkable degree And has for years taken a remarkable degree of opioid medication There is in the record a dispute regarding whether she in fact has an underlying condition of lupus Or for that matter fibromyalgia as well And the fact... I want to interrupt you just a moment because you've called our attention to that word any And the remarkable amount of the prescription drugs that she's taking Is there any dispute that she is taking this remarkable amount of drugs for any reason Whether she's taking them as prescribed by her doctors regardless of the amount of the prescription drugs Your Honor, I believe it's fair and reasonable to interpret And this is what United did It's fair and reasonable to interpret that yes, she is taking more than she should Because her own physician, once she moved from Texas to Tennessee She began to seek medical treatment in Tennessee And she found a physician named Dr. Michael Lachio Dr. Lachio very succinctly, very adamantly assessed First of all questioned whether she had lupus And secondly said even if she did I would not treat lupus by this same degree of medication Or the same type of medication even That Dr. Wickersham had prescribed claimant in Texas Ms. Blunt then goes back to Dr. Lachio maybe one additional time But then she stops seeing Dr. Lachio And proceeds to travel back to Texas from Tennessee We suggest perhaps on the one extreme that that is drug seeking Or perhaps drug abuse But even if the court doesn't need to go there, which I'm not sure that it does It calls into question the propriety of the degree of medication she was taking So not only is there a question about whether in fact she had lupus An underlying disabling condition There is certainly question evidenced by her own physicians That the medication she was taking was in fact part of If not the primary problem she was unfortunately dealing with And be that as it may And this is a very sad circumstance I think it's sad because of the policy reasons I alluded to in the very beginning United concludes that in the absence of these medications This lady had potential to wean herself from the medications And perhaps actually do something else with her life Which is what everybody would hope she would be able to do But given those factual circumstances The dispute about whether she had lupus or any other disabling condition The dispute among her own physicians about that The dispute among her own physicians about the degree to which she was taking this medication And whether it was even appropriate to give her that medication Firmly drops this case into the analysis of the provision we just discussed Judge Donald regarding any condition or disease regardless of its cause Here there's no question about the degree of the medication she was taking There is a dispute about whether that was appropriate Her own physicians suggested it was not appropriate at all And because of those circumstances then There is ample evidence, substantial evidence in the record To support Judge Trauger's decision and analysis To conclude that United was not arbitrary and capricious In reasoning as it did in denying these benefits Counsel this is Judge Rogers Your opposing counsel focuses pretty narrowly or crisply on the word abuse The word abuse is in the plan And in common parlance at least Abuse implies that you're doing something you're not supposed to be doing Now what if, what if Just cleaning up the hypothetical a little You have a person who's taking drugs In a way that is excessive Most doctors would say But pursuant to the prescribed amounts that your doctor said Then you would, a lot of people would say that's not abuse That's just following your doctor's orders If you took twice the prescription that would be abuse perhaps But if you just take exactly what's prescribed That's not abuse So you know one answer to that is Oh well she knew or she picked her doctor and so forth Which you focus on properly But if you put those aside What's the answer to the argument that if you were just taking what the doctor said It's not abuse How do you respond to that? Your honor I have two answers If there were only one physician Or if there were multiple physicians And they agreed uniformly That the medication prescribed was appropriate For an actual existing underlying condition I think that suggests That it's easier to find The word abuse would be inappropriate But that is not the circumstances we have in this case That is not at all the circumstances we have With the facts that are in the record You're conceding the plan interpretation That your opposing counsel is asserting That if it's properly prescribed By an incompetent doctor And you take it It's not abuse Is that what you're agreeing to? I'm hesitant to go that far Because those aren't the facts we have in this case We have a clear dispute That there is no underlying disabling I'm not trying to ask about a case that's not before us So much as trying to get at the meaning of the words If the words If substance abuse is defined to include Regardless of cause Then it seems to me you have to take the position That it's regardless of cause If you say oh well no substance abuse Does partake of Violating your prescription Then we have a different We have a different word to apply To the facts before us Because the phrase here Your Honor Says any condition And regardless of cause I think those language Those phrases Those words Trump what the definition of abuse might be I think they actually are used to define What is abuse Here Those words help us to understand What is meant by the concept of Excessive use And there is a finding in this particular case That there is excessive use One of our own physicians finds That there is excessive use So I I think that is That is the answer here Is that there can be abuse If it's Excessive in nature And there is excessive drug use Drug opioid use In this particular case Thank you Your Honor I appreciate your time I have nothing further to add I think Judge Trotter's decision is Well reasoned And our briefs I think cover the issues as well I'll be glad to answer any additional questions If the court has any Do we have any additional questions? No I don't Nor I Okay Alright Mr. Wilson You'll have your rebuttal time Thank you Your Honors In terms of rebuttal I would like to Focus on The fact that I think that the record Indicates that My client has Taken her medication In good faith With the regimen prescribed By her doctors Certainly opioid abuse Is a problem In this day and age But And to Get away from that Emotionally fraught issue I think it would be fair To In my mind to draw an analogy Most of these Policies Preclude An award of benefits for A self inflicted injury If somebody Has knee problems And they go to one doctor Who says you definitely need a surgery And they go to another doctor Who says no I don't think You need the surgery at all And the person goes ahead And has that surgery And is disabled due to the Impact of the surgery It would be unfair To turn that medical dispute About whether or not a surgery Was necessary Into calling that a self inflicted injury Sure the person chose to have the surgery That one doctor said was necessary But we wouldn't think that That made the person's injury Self inflicted There are always Going to be room for doctors To have different opinions About how somebody's medical condition Should be treated It's perfectly reasonable that patients Will go to different doctors To get second opinions But the fact that Doctors may have different opinions About how a medical condition Should be treated Shouldn't be then turned into Saying that the person is Abusing the medical system And that the policy Does use the word Abuse No one would ordinarily think that Following their doctor's instructions Constitutes abuse And that that is the main Basis of plaintiff's appeal And I'll be happy to answer any other questions But I think that That's all I need to be saying From my perspective Do we have further questions? No In that event We appreciate very much The argument both of you have given And we'll consider the case carefully Mr. Wilson, Mr. Hill You can hang up at this time Thank you Judge Gibbons, I'll have the operator Confirm that they've hung up And as soon as I hang up I'll have the operator confirm that as well Katie, are you there? Yes ma'am, both attorneys Have disconnected at this time Before I hang up, Judge Gibbons I think I sent the assignment sheet To you last week, is there anything that Any of the judges require at this time? The silence I'll take is no So I'll hang up Katie, when I hang up If you would reassure the judges That they are the only ones on the line Yes ma'am Thank you Thanks Dixie, thanks Mary Darn it She started saying thanks After I was hanging up on her So I feel foolish That's life Okay Stop recording